# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE McNEIL, | CV F   06-1042 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| G.J. GIURBINO, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on July 20, 2006, in the United States District Court for the Central District of California.  By order of August 1, 2006, the action was transferred to this Court, and the petition was filed on August 9, 2006.

A review of the Court's docket system indicates that Petitioner previously filed a petition for writ of habeas corpus on June 28, 2001, in case number CV-F-01-5830 SMS HC, challenging his 1998 conviction in the Kern County Superior Court, the same conviction he challenges here.[1] The petition was denied on the merits on June 5, 2003, and judgment was entered the following day.[2]  (Court Docs. 18, 19.)

---

[1] The Court notes for the record that the California Department of Corrections Inmate Number, D-83472, is the same in both cases.

[2] In that petition, Petitioner alleged that (1) the Three Strikes law violated the Ex Post Facto and Due Process Clauses by aggravating the punishment for a prior without notice; (2) ineffective assistance of counsel; (3)

1

In the instant petition, Petitioner contends that he received ineffective assistance of counsel in regard to his 1998 conviction.

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v.

---

ineffective assistance of appellate counsel; (4) the trial court abused its discretion in failing to strike a prior conviction; (6) petitioner's sentence constituted cruel and unusual punishment; (7) Three Strikes law does not apply to Petitioner's current conviction because it is a wobbler; (8) his punishment violated double jeopardy; (9) his punishment violates equal protection; (10) trial court erred in applying Three Strikes to Petitioner's pre-March 1994 convictions, in violation of the Ex Post Facto Clause; (11) trial court erred in applying Three Strikes law because it is vague; and (12) CALJIC No. 2.90 violated due process. (CV-F-01-5830 SMS HC, Court Doc. 18, at 2.)

United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

Because the prior petition in CV-F-01-5830 SMS HC, was denied on the merits, it therefore bars further litigation challenging that same conviction, absent permission to file a second or successive petition. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file and be granted leave to do so by the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may

1 | waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
2 | 1991).
3 |     IT IS SO ORDERED.
4 |     **Dated:   September 12, 2006**                         **/s/ Dennis L. Beck**
   3b142a                                                      UNITED STATES MAGISTRATE JUDGE